In The United States District Court
District of Delaware

ROBERT W. HASSETT III.,        }        C.A. NO.
PLAINTIFF                      }

                              }
                              }        

                              }

        V.                    }
                              }        CIVIL COMPLAINT    0 5 - 8 5 1
1) CORRECTIONAL MEDICAL SERVICE }
2) DR. ROBERTA BURNS          }
3) NURSE PRACTIONNER FRANIS   }
4) UNKNOWN NURSE              }
5) STANLEY TAYLOR             }
6) RICHARD KEARNEY            }

        Respondents          }

RECEIVED
DEC  8 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

MEMORANDUM OF LAW AND BRIEF
IN SUPPORT OF 42 USC. § 1983
PLAINTIFFS OPENING BRIEF

DATE: 12-6-05

ROBERT W. HASSETT III
PRO-SE
P.O. BOX 500
GEORGETOWN, DE 19947

## TABLE OF Contents

PG

TABLE OF CONTENTS ........................................................................ I

TABLE OF AUTHORITIES ................................................................. II

STATEMENT OF FACTS ................................................................... III

ARGUMENT I ...................................................................................... 1

ARGUMENT II ..................................................................................... 4

ARGUMENT III .................................................................................... 5


Conclusion ............................................................................................. 5
Appendix;
(Could not fulfill appendix until documents are presented to plaintiff) ....

## TABLE OF AUTHORITIES

CITE                                                                          PG

COLEMAN V. RAHIJA 114 F3D 778............................................3
ESTELLE V. GAMBLE 429 US. 97............................................2
FARMER V. BRENNAN 511 US. 825............................................2
ISBY V. CLARK 100 F3D 502 ............................................1
ITATHAWAY V. COUGHLIN 37 F.3D 66 ............................................2
JORDAN V. DOE 38 F.3D 1564 ............................................2
NAPOLI V. US. 32 F.3D 30 ............................................2
NORMAN V. TAYLOR 25 F.3D 1262............................................2
POPE V. SHATER 86 F. 3D 90 ............................................1
PHODES V. CHAPMAN 452 US. 337 ............................................1, 2
WILSON V. SEITER 501 U.S. 294............................................2
VOEHL V. DALSHEIM 88 F.3D 86 ............................................1
YANKANWHICH V. WHARTON 460 A 2D 1326............................................5

8TH U.S. AMENDMENT............................................1, 2, 4, 5
14TH U.S. AMENDMENT............................................2, 5

STATEMENT OF FACTS

On/or about June 6, 2005 the plaintiff received a knee injury. Upon receiving injury the
plaintiff went to medical where upon nurse turned him away. Her reply was one of
disregard. Saying plaintiff was dumb and she could not help him. After many request, by
plaintiff, he was seen by nurse practitioner Francis, who once again told plaintiff she
could not help him. Plaintiff continued to complain and after many complains and
grievances. He was permitted to see Dr. Burns. And again he was told there was nothing
they could do. Even after hearing of the pain and suffering. It was to no avail, even after
other grievances.

Now comes the plaintiff in § 1983 form. Seeking relief.

## ARGUMENT I

The plaintiff received inadequate medical care, amounted to "deliberate indifference" to the plaintiff violating his 8th amendment rights. The medical staff employed by (C.M.S) correctional medical service, deprived the plaintiff of adequate medical treatment. Resulting in "cruel and unusual" punishment.

On/Or about June 6, 2005, the plaintiff suffered a dislocated knee with possible torn ligaments and muscles. This injury accrued at the prisons gym. The plaintiff had another inmate help relocate the knee. At which time the gym officer escorted the plaintiff to the medical office. At which time the unknown nurse told the plaintiff, "that he was stupid for receiving this injury". And that she saw nothing she could do. At which point plaintiff was told to leave medical.

Plaintiff told nurses that he could not walk or even apply pressure on his injured knee. The nurses still said they could do nothing. Another inmate had to assist the plaintiff back to his housing. Based off the "seriousness of pain" the plaintiff. This shows an ("unnecessary and wanton infliction of pain as discussed in Rhodes v. Chapman 452 U.S. 337 (1981) by the medical department of Sussex correctional Inst.

After a month of complaints of pain; plaintiff saw a Nurse Practitioner Francis. Francis told plaintiff she would order x-rays. And if there was no problem, she was taken the plaintiffs knee braces. She took the crutches at this time. After the x-rays Francis saw the plaintiff about 3 weeks later. Where upon Francis did not take plaintiffs knee braces, but she said injuries happen and she could do nothing for the plaintiff. At this point the plaintiffs injury's were causing extreme pain and was causing him to suffer mentally. Do to the plaintiffs mental illness, Francis was responsible for the condition(s) and had a "sufficiently culpable state of mind".

In other words, the official knew of the condition and was aware that the condition presented a substantial risk of harm. See : Isby v. Clark 100 F.3d 502 (1996) Pope v. Shater 86 F.3d 90 (1996) Voehl v. Dalsheim 88 F.3d 86 (1996)

After a week or so, the plaintiff's knee pooped out on him again. And the officer said that he had to put a sick call in, because it was not a life threatening issue. So the

plaintiff did as he was told. And when the plaintiff went to medical. The same unknown nurse told the plaintiff, "She didn't believe him, because she didn't read in the medical chart that someone from medical had relocated the plaintiffs knee. (C/O Thomas was present) This not only shows a deliberate indifference to the plaintiffs 8th amendment, but a deliberate act of inadequate medical care. Wilson v. Seiter 501 U.S. 294 (1991); Estelle v. Gamble 429 US. 97 (1976); Farmer v. Brennan 511 U.S. 825 (1994).

The plaintiff continued to put sick call slips in to medical. And finally a nurse put the plaintiff on to see Dr. Burns. The plaintiff had to file a grievance to finally see Dr. Burns. On / or about 10-18-2005 the plaintiff seen Dr. Burns. At which time Dr. Burns said that the x-ray was ok. Plaintiff responded that the x-ray does not depict muscle or tendon tissues. The plaintiff notified Dr. Burns of the constant pain and how his knee continues to pop out (Dislocated) and collapses when applying pressure. Dr. Burns said that nothing could be done. At which point she ordered new knee braces, because the ones previously given to the plaintiff were of the wrong sizes. Which plaintiff has not received as of date. She also gave the plaintiff 800 mg. of Motrin's, which do nothing for the pain in plaintiffs knee.

When Dr. Burns ordered the knee braces and 800mg Motrin, she recognized the plaintiff's injuries but disregarded his 8th and 14th amendments to proper medical care. Napoli v. U.S. 32 F.3d 30; Itathaway v. Coughlin 37 F.3d 66.

The medical staff in this case did not fulfill their duties in providing proper health care to the plaintiff. Resulting the plaintiff to be in extreme pain all day as well as causing his mental anguish to be crucial as well as critical. For the plaintiff suffers from mental illness. (Paranoia of others attacking him)

Therefore, with the norm of plaintiff's illness (Mental), this added injury brings about a new fear for his personal well-being. Therefore pushing his suffering to such a degree to deprive the plaintiff of any relief of pain and suffering. Norman v. Taylor 25 F.3d 1262; Jordan v. Doe 38 F.3d 1564. This is an "unnecessary and wanton infliction of pain as discussed in Rhodes v. Chapman 452 U.S. 337 (1981)

Without treatment, the medical staff left the plaintiff in server pain and suffering, physical, mentally, and emotionally. In turn causing fear for plaintiffs physical safety. Correctional medical services are to blame as well. Do to the fact, that they hired such

2.

irresponsible and incompetent medical staff. To over see and assist in treatment of the inmates at S.C.I.

Even after all the complaints of medical mistreatment (CMS) continued to staff the same people, instead of firing them and hiring new staff. This is not just negligence, it is deliberate indifference to the inmates right to proper medical care Colman v. Rahija 114 F.3d 778.

3

<u>Argument II</u>

Commissioner "Stanley Taylor" is in turn responsible for the plaintiff's pain and suffering, as well as the mistreatment of plaintiffs injury. Taylor allowed (C.M.S) have the contract to provide medical care to (SCI) inmates, without a bid for the job. Taylor knew of complaints of malpractice against (CMS) and yet he disregarded them as moot.

Thereby, causing "deliberate indifference" to the welfare of my treatment as well as all other inmates. <u>Coleman v. Rahija supra.</u> Had Taylor done his job in the context it should then the contract for medical would have been placed to the best bid.

Thereby, given the concept that a different medical service would have gained the contract to provide medical care to us inmates. Thereby, given the possibility that a new medical company, along with different staff would be providing medical care to us inmates.

So, it goes to show that a different medical staff, very well would have treated the plaintiff for his injuries in a different manner. Where as now the plaintiff will more than likely suffer for the rest of his life. Taylor not only committed deliberate indifference, he violated the plaintiffs 8th amendment.

## Argument III

Warden Richard Kearney, also is at fault for the plaintiffs pain and suffering. The warden at some point sees all complaints, rather medical or otherwise.

Therefore, the warden was predisposed of the issues dealing with medical. The warden has the ability to address all issues within the prison he is looking over. Including medical departments.

When the warden of a prison disregards the health and safety of his inmates. He is committing wanton conduct. As ; Yankanwhich v. Wharton 460 A2d. 1326; [10] it's stated (....evidence indicates a conscious disregard on the part of defendant .... Shows an "I do not care attitude "which justified the wanton charge.)

That is just what the warden did. He didn't care. Because at no point did he order an investigation into the complaints. Warden Kearney left my medical Health and ultimately my physical safety to C.M.S. medical staff. Violating my 8th and 14th amendments.

Conclusion:

The plaintiff wants to be awarded $161,000.00; for pain and suffering as of date:_____ . To be treated by a specialist for knee treatment, as well as proper testing for injury. Also, to be awarded $1.8 million dollars for the pain, suffering, physical inability's of the future limitations, and for the fear of safety as well as the mental health disturbance.

Date: 12-6-05

Signature: Robert Hassott

Print: Robert Hassott

5.