# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT W. HASSETT III (SBI 337363)<br>P.O. BOX 500, GEORGETOWN, DE 19947<br>PLAINTIFF | } } } } | **ORIGINAL** |
| V.S. | } CILVIL NO: | 0 5 - 8 5 1 |
| 1) CORRECTIONAL MEDICAL SERVICES<br>2) DR. ROBERT BURNS<br>3) NURSE PRACTIONER FRANCISIS<br>4} UNKNOW NURSE PRCTIONER FOR CMS<br>5} STANLEY TAYLOR<br>6} RICHARD KEARNEY | } } } } } } | CILVIL COMPLAINT |
| RESPONDENT | } | |

## MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL



RECEIVED DEC 8 2005 U.S. DISTRICT COURT DISTRICT OF DELAWARE

DATE: 12-6-05

ROBERT W. HASSETT 3RD.
PRO-SAY (SBI 337363)
P.O. BOX 500
GEORGETOWN, DE 19947

## **ARGUMENT**

1) THE COURT SHOULD APPOINT COUNSEL FOR THE PLAINTIFF.

A. In deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues. "Abdullah v. Gunter, 979 f. 2d 1032, 1035 (8th cir. 1991) (citation omitted), cert. denied, 112 s. ct. 1995 (1992). in addition, courts have suggested that the most important factor is whether the case appears to have merit. Cooper v. a. Sargenthti co., inc. 877 f. 2d 170, 173 (2d cir. 1989) each of those factors weighs in favor of appointing counsel in this case.

B. Factual complexity. The plaintiff alleges that he was seriously injured. He also asserts that the medical staff disregarded his injuries as if injuries did not exist. The plaintiff challenges the denial of medical care after the incident by 3 other defendants. finally, he claims denial of due process by medical and grievance process. the number of claims and defendants makes this a factual complex case.

In addition, one of the plaintiff's claims involves the denial of medical care; it will probably be necessary to present a medical expert witness or to cross-examine medical witness called by the defendant, or both. The presence of medical witness called by the defendant, or both. The presence of medical or other issues requiring expert testimony supports the appointment of counsel, Moore v. Mabus, 976 f.2d 268, 272 (5th cir. 1992) Jackson v. County of Mc lean, 953 f.2d 1070, 1073 (7th cir. 1992); Tucker v. Randall, 948 f. 2d 388, 392 (7th cir. 1991)

C. The plaintiff's ability to investigate. The plaintiff is locked up in segregation and has no ability to investigate the facts. For example, he is unable to identify, locate and interview the inmates who were housed in nearby cells and who saw the incident. He is in the same situation as an inmate who has been transferred to a different institution, a factor that several courts have cited in appointing counsel. Tucker v. Randall, 948 F. 2d 388, 391-92 (7th cir, 1991) ; Gatson v. Coughlin 697 F. Supp. 270, 273 (W.D.N.Y.) (1988); Armstrong v. Snyder 103 F.R.D. 96, 105 (E.D. W.S. 1984)

In addition, this case will require considerable discovery concerning the identity of witness, the officers reported and statements about the incident, and the plaintiffs

## ARGUMENT CONTINUE

medical history, see: Tucker v. Dickey, 613 F. Supp 1) 24, 1133-34 (W.D.Wis. 1985) need for discovery supported appointment of counsel.).

   D. Conflicting testimony. The plaintiff's account of treatment is in conflict with defendants. This aspect of the case will be a credibility contest between the defendants and the plaintiff (and such inmate witnesses as can be located). The existence of these credibility issues supports the appointment of counsel. Gatson v. Coughlin, 679 F. Supp. 270, 273 (W.D.N.Y. 1988)

   E. The ability of the indigent to present his claim. The plaintiff is an indigent prisoner with no legal training, a factor that supports the appointment of counsel. Whisenant v. Yuman, 739 F.2d 160, 163 (4th cir. 1984) In addition, he is confined to segregation with very limited access to legal materials. Rayes v. Johnson, 969 F. 2d 700, 703-04 (8th cir. 1992) (Citing lack of ready access to a law library as a factor supporting appointment of counsel).

   F. Legal Complexity. The large number of defendants, some of whom are supervisory officials, presents complex legal issues of determining, which defendants were sufficiently personally involved in the constitutional violations to be held liable. In addition, the plaintiff has asked for a jury trial, which requires much greater legal skill tan the plaintiff has or can develop. See: Abdullah v. Gunter, 949 F. 2d 1032, 1036

   G. Merit of the case. The plaintiff's allegations, if proved, clearly would establish a constitutional volitional. The unprovoked and injurious alleged in the complaint clearly states an eighth amendment violation. See: Hudson v. Mc Millian 112. S. Ct. 995, 1000 (1992). The allegations of denial of medical care amount to "intentionally interfering with the treatment...."; which the supreme court has specifically cited as an example of unconstitutional deliberate indifference to prisoners' medical care needs. Estelle v. Gamble 429 U.S. 97, 497; 97 S. Ct. 285 (1976). The unjustified denial of witness, and the failure to give a meaningful statement of reasons for the decision are all plain violations of due process.

## ARGUMENT CONTINUE

Ponte v. Real 471 U.S. 491, 497-105 S.C.T. 2192 (1985); 27. Superintendent v. Mill, 472 U.S. 445, 457 S.C.T. 2768 (1985) 27. Dyson v. Kocik 689 F. 2d 466, 467-68 (3rd cir. 1982) On its face, then, this is a meritorious case.

Conclusion: For the foregoing reason the court should grant the plaintiff's motion and appoint counsel in this case.

Date: 12-6-05

Robert W. Hassett 3rd
P.O. Box 500
Georgetown, De.
19947