IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ROBERT W. HASSETT, III, | : |
| Plaintiff, | : |
| v. | : Civ. No. 05-851-JJF |
| CORRECTIONAL MEDICAL SERVICES, et al., | : |
| Defendants. | : |

### MEMORANDUM ORDER

Plaintiff Robert W. Hassett, III ("Hassett"), an inmate at Sussex Correctional Institution ("SCI"), brings this civil rights action pursuant to 42 U.S.C. §1983. He appears pro se and on December 22, 2005, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 11). The Court now proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the claim against Commissioner Stanley Taylor is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

I.  THE COMPLAINT

Plaintiff suffered a knee injury on June 6, 2005, he describes as a dislocated knee with possible torn ligaments/ muscles. He alleges that on that date when taken to the medical office, an unknown nurse indicated there was nothing she could do and Plaintiff was told to leave. He further alleges that it was

a month before he received medical treatment, and when seen by Defendants Nurse Practitioner Francis and Dr. Burns he did not receive proper health care. Plaintiff alleges that Correctional Medical Services ("CMS") hired medical staff who were not qualified to provide necessary health care to inmates. Plaintiff alleges that Warden Richard Kearney ("Warden Kearney") was aware of the situation, but took no action. Finally, Plaintiff alleges that Commissioner Stanley Taylor is responsible for entering into a no-bid contract with CMS. Plaintiff seeks outside medical treatment and compensatory damages for mental, emotional and physical pain.

## II.   STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The Court must "accept as true factual allegations in the

complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Estelle v. Gamble, 429 U.S. at 104; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Also, a prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care."

Estelle v. Gamble, 429 U.S. at 104-05.

Plaintiff alleges that Commissioner Taylor is responsible for his pain and suffering and inadequate medical care on the basis that he entered into a no-bid contract with CMS to provide medical care to inmates at SCI. Essentially, Plaintiff attempts to hold Commissioner Taylor liable on the basis of respondeat superior.

Supervisory liability, however, cannot be imposed under § 1983 on a respondeat superior theory. See Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

There is nothing in the complaint to indicate that Commissioner Taylor was the "driving force [behind]" Plaintiff's alleged constitutional violations. While it may be that he was the individual who sought to enter into a contract with CMS, entering into a contract, without more, certainly does not lead to the conclusion that Commissioner Taylor was the driving force behind Plaintiff's Eighth Amendment claim. More so, the

complaint does not indicate that Commissioner Taylor was aware of plaintiff's allegations and remained "deliberately indifferent" to his plight. Sample v. Diecks, 885 F.2d at 1118.

Based upon the foregoing analysis, the claim against Commissioner Taylor is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(E)(2)(b) for failure to state a claim upon which relief may be granted.

**IV. APPOINTMENT OF COUNSEL**

Plaintiff filed a motion for appointment of counsel with supporting memorandum on the bases that he cannot afford counsel, the issues in the case are extremely complex, he has limited law library access, he has limited knowledge of the law, he has a limited comprehension level due to mental illness, and has only an eighth grade education. (D.I. 4, 5, 6) As is well-known, a pro se litigant proceeding in forma pauperis, has no constitutional or statutory right to appointed counsel. See Ray Robinson, 640 F.2d 474, 477 (3d Cir. 1981).

It is within this Court's discretion to seek representation by counsel for Plaintiff. This is done "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [Plaintiff] resulting from [Plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord

Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

Having reviewed Plaintiff's complaint, the Court finds that his allegations are not of such a complex nature that representation by counsel is warranted at this time. The various papers and pleadings submitted by Plaintiff reflect an ability to coherently present his arguments. It may be that at some point in time expert testimony may be elicited. However, at this juncture the necessity of expert testimony remains an uncertainty. Accordingly, Plaintiff's motion for appointment of counsel (D.I. 4) is denied without prejudice with leave to refile, following service upon Defendants.

NOW THEREFORE, at Wilmington this 9 day of February, 2006, IT IS HEREBY ORDERED that:

1. Plaintiff's claim against Defendant Stanley Taylor is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2. The motion for appointment of counsel is **DENIED** without prejudice with leave to refile, following service upon Defendants.

IT IS FURTHER ORDERED that:

1. The Clerk of the Court shall cause a copy of this order

to be mailed to Plaintiff.

2. The court has identified a cognizable Eighth Amendment medical needs claim against Defendants Correctional Medical Service, Dr. Roberta Burns, Nurse Practitioner Francis, Unknown CMS Nurse, and Warden Richard Kearney. Plaintiff is allowed to **PROCEED** against these Defendants.

3. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), Plaintiff shall complete and return to the Clerk of the Court an **original** "U.S. Marshal-285" form for **Defendants Correctional Medical Service, Dr. Roberta Burns, Nurse Practitioner Francis, Unknown CMS Nurse, and Warden Richard Kearney** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to Del. Code Ann. tit. 10, § 3103(c). Plaintiff has provided the Court with copies of the complaint and memorandum of law and opening brief (D.I. 2, 3) for service upon the Defendants. Plaintiff is notified that the United States Marshal will not serve the complaint and statement of facts **until all "U.S. Marshal 285" forms have been received by the Clerk of the Court. Failure to provide the "U.S. Marshal 285" forms for the Defendant(s) and the attorney general within 120 days from the date of this order may result in the complaint being dismissed or Defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

4. Upon receipt of the form(s) required by paragraph 3

7

above, the United States Marshal shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon Defendant(s) identified in the 285 forms.

5. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a Defendant, the United States Marshal shall personally serve said Defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said Defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

6. Pursuant to Fed. R. Civ. P. 4(d)(3), a Defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent.  If a Defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

7. No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the

parties or their counsel.

8.  **NOTE:** *** When an amended complaint is filed prior to service, the Court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

9.  **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

                                                 /s/ Joseph J. Farnan, Jr.
                                                 UNITED STATES DISTRICT JUDGE