<u>In The United States District Court</u>
<u>For The District of Delaware</u>

Robert W. Hassett, 3rd
    Plaintiff

V.

Correctional Medical Service,
Roberta Burns, Nurse,
Pracitioner Francis, Unknown
Nurse (Sandy), Stanley Taylor,
Richard Kearney,
    Defendants.

C.A. No. 05-851-JJF

<u>Answer to States Motion</u>
<u>To Dismiss</u>

FILED
MAY -9 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BD scanned

I. <u>Introduction</u>

    Plaintiff in this case brings a claim of wanton conduct and a deliberate indifference to the plaintiffs health and well being.
    Plaintiff elsewhere states that

1.

the state, Richard Kearney, has a direct role in the Health Care of the inmates, as well as the complaints/greivances of or against medical.

The state in turn filed there motion with misguided statements and exhibits that were not furnished to plaintiff upon motion for documents. State contends that Kearney is entitled to judgement as a matter of law because there are no genuine issue of material fact in dispute. Relying on <u>Matsushita Elec. Indus. Co., Ltd</u> v. <u>Zenith Radio Corp</u>, 475 U.S. 574, 586. (Onee the moving party has carried it's initial burden, the non-moving party "must come forward with 'specific facts showing that there is a genuine issue for trail")

As the plaintiff is incarcerated, he is limited to accessiblity of documents. Leaving only to rely on the courts. As is that documents have not yet been forwarded. The plaintiff's arguments are of simple accord. The defendant Kearney is the warden of Sussex Correctional Inst-

ution. He over sees all behavior at the prison, both staff and inmates. So when there is a complaint that is a reaccuring complaint. The warden is made aware. Therefore the plaintiffs evidence lies in the Prisons Proceedures. Leaving the warden to have knowledge and still disregarded an inmates health care.

II. <u>Statement of facts</u>

The plaintiff has no history or records from child birth to show that his right knee was ever injuried. The plaintiff was in prison for apporiately 3 years to 4 years before going to medical and asking for knee braces to work out and for his left knee, cause of it's soreness. He was given 2 knee braces. Over time the braces would wear out. Therefore plaintiff would request new ones. Along with the reasoning that both knees were sore from time to time. But not injuried.

On June 6, 2005 the plaintiffs knee

3.

popped out in gym playing basketball. Another inmate helped reset it. C/o Perry escorted the plaintiff to medical. Where the nurse disregarded the plaintiff's injury. Nurse (sandy) told plaintiff that she couldn't help him and he was an idiot. The injury was not a pre-existing one. As the state has so colorfully tried to invent. The assert that the plaintiff was still playing basketball on July 14, 2005. when he finally got to see Nurse Francis. There (EV-B). Because plaintiff was on crutches from June 6, 2005 until his x-rays in August, 2005, states (Ex-D). It was only upon greivances that plaintiff seen Nurse Francis and recieved x-rays. Lt. Pain is the one who got the crutches for plaintiff. And also was the on who would not let plaintiff go to work or to chow. As chow was brought to him.

  The plaintiff continued to complain of his pain in his knee. And filed greivances for better test to be performed. The greivance was denied. And an appeal

4.

was filed. But no response was given until after law suit was filed. It was only after law suit was filed that plaintiff was sent out for an M.R.I. And that was March 21, 2006. The warden has final say if an inmate goes out for medical attention. Therefore he left the plaintiff to suffer for 3 months before sending out and still no answer other than injuries happen has been given to plaintiff.

    Upon the M.R.I. results. The plaintiff seen Dr. Mcdonald and was told that the tendons and muscles were like a streched out rubber band allowing my femur and shinbone (tibia bone) to move from side to side caused by the injury. And with treatment and exercise, the plaintiff may not or may still have to wear braces for the rest of his life. That's if plaintiff would have been treated with all testing in the begining, and started a program up, instead of no rehabilitation. That it is possible that plaintiffs knee could be better.

5.

## Argument

I. Defendant Kearney was involved in the treatment of plaintiff and caused severe pain to occur by his deliberate indifference.

A) The plaintiff has a duty to show direct involvement from the defendant. In this case, the defendant is the warden of the prison, that the plaintiff is held at.

In this case the challenged mis conduct was the medical and prisons failure to send the plaintiff out when injury occured for proper testing and treatment. Resulting in long term damage and threat to life. The offical here, warden Kearney, had the last say in whether plaintiff could be escorted to outside treatment. Given the many greivances and medical request to see outside treatment. Which even the state give exhibits to. The warden never allowed or interveined to correct the

6

issue which is a part of his duties.

The state continues to misrepresent the facts in this case. As saying the plaintiff injuryed his knee again in July 2005 as (EX-B), in their memorandum. On that date, the plaintiff seen Nurse Francis and was recounting the injury of June 2005. As was on crutches at that time and only upon x-ray in August did Nurse Francis take the crutches from plaintiff, so plaintiff was on crutches from June 2005 thru August 2005. The plaintiff was unable to go to gym as he was housed in C.C.U. (cronic care unit) located on second floor, of his housing building. Being an inmate in C.C.U. The warden would know of the plaintiffs condition. Due to the fact that, there is a weekly meeting about all the inmates in C.C.U. This meeting includes all top security heads and counsolers, including defendant Kearney.

In this case the defendant was in the position to allow the plaintiff to recieve outside attention for his

7.

medical need. Knowing that other cases were in his "lap" of deliberate indifference. of treatment. So upon the plaintiff case, the warden should have gotten the plaintiff treatment. Even afte recommended treatment. The warden waited 3 months to sign for plaintiff to be sent out for treatment. Haley v. Gross 86 F.3d 630, 631.

The defendant relies on that treatment was provided after the law suit was filed. But not before. This is not a defense "Oh we treated him after he sued us." The state says test were done. But the state does not depict the facts that plaintiff's knee slides from side to side now. Nor do they stipulate that the warden had to have knowledge in order to sign for plaintiff to get out side treatment as per greavances and law suit. Yet he still prolong treatment for no reason. Causing plaintiff to suffer with pain and be at risk in the prison itself. As other inmates prey on those who are injuryed of unable to defend themselves. Therefore the warden

8.

violated the plaintiffs 8th amendment.

B) The 11th amendment protects the U.S. Government from law suits. It does not extend to state v. Citizens, unless so directed by the court. But in this case, the plaintiff named Richard Kearney not the state. The state stepped in as Counsel and Claim was ajudged to them as by "guilty by assocation" and employer.

In this case the defendant is not released nor is the state. Under Fed. R. Civ. Proceed. and the 14th amendment, As well as 42 USC § 1983, the plaintiff has every right to sue the defendant and not have him hid behind "Official capacity" for there violations of inmates rights

c) Finally the plaintiff has failed to give evidentiary support, because the defendants has not and will not provide the plaintiff with documents as requested. So it goes to face value that the defendant should recieve his request of Qualified Immunity. But the decision can only

9.

be reached if there is no violation of plaintiffs constitution. That has been shown in this answer, to the best of resoures given to the plaintiff. With lack of documents and interoggories.

The question of ("did" the warden Kearney know that he was violating the plaintiff constitutional right"?) Yes. He knew as he was pre-exposed to the issue and recieved information of recommediddion to see outside treatment. To have this knowledge and not act in the interest of better health for his inmate. Shows "clearly established" delibrate indifference to the plaintiffs 8th amendment.

The plaintiff has shown with the materials given. That his claims against defendant are in fact founded. And based off of materials in his "reach" show the specific allegations.

## Conclusion

For all the reasons stated above, the defendants motion for Dismiss/Summary

10.

judgement should be denied. Leaving the defendant to have to proceed on futher proceeding leading up to and in trial. Therefore denying defendants motion and granting plaintiff's motion.

Robert Hassett

*Robert Hassett* (signature)

SBI #337363
P.O. Box 500
Georgetown, Del.
19947

11.

# Certificate of Service

I hereby certify that on May 9, 2006, I mailed an answer to states motion to Dismiss with the clerk of court using the prisons legal mail system. I hereby certify that on May 9, 2006, that I mailed a copy to said person(s);

Lisa Barchi
D.A.G.
Carvel State Office Bldg.
820 N. French ~~State~~ Street
   6th floor
Wilmington, Del. 19901

Robert Hassett
Robert Hassett
SBI# 337363
P.O. Box 500
Georgetown, Del
   19947

I/M: Robert Massett BLDG. MSB-Isl-1
SUSSEX CORRECTIONAL INSTITUTION
SBI 337363
P.O. BOX 500
GEORGETOWN, DELAWARE 19947

Office of The Clerk
U.S. District Court
Lock Box 18
844 King street
U.S. courthouse
Wilmington, Del.
19801

LEGAL