IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT W. HASSETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-851-JJF |
| | ) |
| CORRECTIONAL MEDICAL SYSTEMS, | ) |
| ROBERTA BURNS, NURSE | ) |
| PRACTITIONER FRANCIS, UNKNOWN | ) |
| NURSE, STAN TAYLOR, RICHARD | ) |
| KEARNEY | ) |
| | ) |
| Defendants. | ) |

**STATE DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS/SUMMARY JUDGMENT**

**COMES NOW**, State defendant Richard Kearney, by and through undersigned counsel and hereby replies to Plaintiff's Answer ("Answer"), to Defendant's Motion to Dismiss. In support of their reply, State defendant offers the following:

**I.    Plaintiff's claims do not provide the specific information required to show Warden Kearney's personal involvement in his medical care.**

1.    Warden Kearney is a non-medical prison official who does not have any personal involvement in the treatment decisions regarding Plaintiff. Plaintiff is required to show, with particularity that Warden Kearney played an affirmative role in depriving him of what the Plaintiff deems to be appropriate care. *Gay v. Petsock*, 917 F.2d 768, 771 (3d Cir. 1990); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff alternately alleges that Warden Kearney failed to act, claiming "he left the plaintiff to suffer for 3 months before sending out…" (Answer at p. 5), and that the warden "waited 3 months to sign for plaintiff to be sent out." [sic] (Answer at p. 8). However, a claim that Warden Kearney failed to act is not sufficient to show

personal involvement in a Section 1983 claim. *Pennsylvanis v. Porter*, 659 F.2d 306, 336 (3rd Cir. 1981). Not only is Plaintiff's allegation insufficient to state a Section 1983 claim, but there is no evidence that Warden Kearney blocked him from obtaining treatment.

II.     **Plaintiff has failed to demonstrate deliberate indifference to his medical needs.**

Plaintiff fails to show that Warden Kearney had any actual knowledge of his condition or that he knew of the condition and blocked him from receiving any care. *Haley v. Gross*, 86 F.3d 630, 631 (7th Cir. 1996).

While Plaintiff, in his answer makes allegations that Warden Kearney directly blocked his access to medical care for his knee, he provides no support for that allegation, because no support exists. Contrary to Plaintiff's claims, the medical provider makes the decisions regarding consultations and referrals to medical providers outside the prison. (*See* Affidavit of Mike Deloy, attached as Exhibit "A"). Once the decision is made regarding referral to an outside medical provider, the medical provider then makes arrangements for transportation of the inmate to the outside facility. (Ex. A, ¶ 6). The medical providers do not ask the warden for his input or permission to provide care. They make the decision and then communicate with the prison transportation unit to arrange transport to a specific facility.

The consultation request attached to Exhibit "A" shows that the medical providers are seeking review of their request with their medical director. They do not consult with the non-medical prison officials. (Ex. A-1). Warden Kearney had no input in any decision regarding Plaintiff's medical care. Plaintiff cannot point to any document, meeting, conversation or other means of communication with Warden Kearney and show that the warden actually knew of, and intentionally refused to provide care for Plaintiff.

III.    **Plaintiff's apparent claims about the adequacy of his medical care do not support an Eighth Amendment claim.**

Plaintiff's complaint and answer are filled with claims that he received inadequate treatment, and that he will suffer long term damage. (Answert at p. 6). However, this plaintiff has received medical care for his knee, going to the provider on multiple occasions. Thus, he has not been blocked from receiving care by any perceived deliberate indifference by the warden. Because he has received testing and treatment, his Eighth Amendment claim must fail. *Calhoun v. Horn*, 1997 WL 769523 at *5 (E.D. Pa. Oct. 8, 1997) (citing *Estelle*, 429 U.S. at 107). Further, complaints about the wisdom and quality of care provided do not state a viable Eighth Amendment claim. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3rd Cir. 1993).

Warden Kearney is not a medical professional. He did not override the decisions of the medical providers. The Third Circuit held that a non-medical prison official does not meet the Eighth Amendment scienter requirement of deliberate indifference when the official does not override the decisions of the medical providers who are already treating the inmate. *Spruill v. Gillis*, 372 F.3d 218, 235, 236 (3d Cir. 2004). In this case, the medical providers made the decisions and did not ask the warden for any input in that process.

### III. Plaintiff's repeated allegations do not support a Section 1983 claim for an Eighth Amendment violation.

Simply making the same allegations over and over does not make a claim viable. Plaintiff failed to demonstrate with the particularity required to support a Section 1983 case, how Warden Kearney met the scienter requirement for deliberate indifference. Plaintiff, contrary to his allegations that he has no documentation to support his claims, has been provided with the documents provided by Defendant regarding his knee. Yet Plaintiff, in his attempt to divert attention away for nay contribution he may have made to his injury, tries to explain away one exhibit when he state "the plaintiff seen [sic] Nurse Francis and was recounting the injury of June 2005." (Answer at p. 7). However, the notes contemporaneously document an event of

July 14, 2005.  (*See* Progress note dated July 14, 2005, attached as Exhibit "B").  The notes state "Keep knee ↑ x 24 hr. & ice."  It goes on to state "No sports or exercise x 1 mon."  (Ex. B).  In addition, a special needs referral form dated July 14, 2005 also states "apply ice & elevate R knee x 24 hrs."  This note continues "NO sports or exercise x 1 mon."  And further states "Expected duration: 30 days."  (*See* Special Needs Assessment, attached as Exhibit "C").  The two sets of notes do not recount an event that happened six weeks previously.

Plaintiff has provided no support to tie Warden Kearney to any of his allegations.  "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to some material facts."  *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The nonmoving party must present more than "a mere scintilla of evidence" in its favor and cannot just rely on factually unsupported assertions set forth in its pleadings.  *Anderson*, 477 U.S. at 325; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Rather, the nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial.*"  Fed. R. Civ. Proc. 56(e).  In this case, there is nothing to support Plaintiff's allegations that Warden Kearney deliberately denied Plaintiff care for his knee injury.  Based on the legal standard that Plaintiff has failed to meet in order to overcome the motion to dismiss or summary judgment, and the lack of support for his claims, summary judgment is appropriate.

WHEREFORE, as this is the final pleading allowed with this motion to dismiss, and for all the reasons stated in the motion to dismiss and this reply, Defendant respectfully requests that

this Honorable Court enter an order dismissing Plaintiff's complaint with prejudice.

                                              **STATE OF DELAWARE**
                                              **DEPARTMENT OF JUSTICE**

                                              /s/ Lisa Barchi
                                              Lisa Barchi  #3927
                                              Deputy Attorney General
                                              Carvel State Office Building
                                              820 N. French Street, 6th floor
                                              Wilmington, DE 19801
                                              (302) 577-8400
                                              lisa.barchi@state.de.us

DATE: May 16, 2006                          Attorney for Defendant Rick Kearney

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2006 I electronically filed *State Defendant's Replys in Support of his Motion to Dismiss* with the Clerk of Court using CM/ECF.  I hereby certify that on May 16, 2006 I have mailed by United States Postal Service, the document to the following non-registered participant:

Robert Hassett
SBI # 337363
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

/s/ Lisa Barchi
Lisa Barchi  # 3927
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400
lisa.barchi@state.de.us