IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT W. HASSETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 05-851-JJF |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, DR. ROBERTA BURNS, NURSE PRACTITIONER FRANCIS, UNKNOWN NURSE FOR C.M.S., STANLEY TAYLOR and RICHARD KEARNEY, | ) ) ) ) ) | JURY TRIAL BY TWELVE DEMANDED |
| | ) | |
| Defendants. | ) | |

**MOTION OF DEFENDANTS, CORRECTIONAL MEDICAL SERVICES, DR. ROBERTA BURNS AND NURSE PRACTITIONER FRANCIS, TO DISMISS PLAINTIFF'S COMPLAINT[1]**

Defendants, Correctional Medical Services, ("CMS"), Dr. Roberta Burns ("Dr. Burns") and Nurse Practitioner Francis ("Nurse Francis"), through their undersigned counsel, hereby respectfully move this Honorable Court to enter the attached Order, dismissing plaintiff's Complaint with prejudice and, in support thereof, aver as follows:

1. Plaintiff filed a Complaint in this matter on December 6, 2005 alleging violations of his Eighth Amendment Rights under 42 U.S.C. §1983. A copy of plaintiff's Complaint is attached hereto as Exhibit "1".

2. In his Complaint, plaintiff states that he filed a number of sick call slips regarding a medical injury he allegedly sustained to his knee on June 6, 2005. See Exhibit "1" at ¶ IV (13). However, no mention is made of filing any grievances.

---

[1] Moving defendants waive their right to file an Opening Brief and submit this Motion in lieu thereof pursuant to Local Rule 7.1.2. However, moving defendants reserve the right to file a Reply Brief.

4.	The plaintiff has failed to exhaust his administrative remedies available to him as required by the Prison Litigation Reform Act of 1996. 42 U.S.C. §1997e (a) provides that:

> No action shall be brought with respect to prison conditions under Section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available to him are exhausted.

5.	The Courts have upheld the requirements of 42 U.S.C. §1997e (a), and stated that an inmate must first exhaust all the administrative remedies available to him/her prior to filing a §1983 action premised upon prison conditions. Nyhuis v. Reno, 204 F.23d 65, 67 (3rd Cir. 2000) ("(T)he PLRA amended § 1997e(a) in such a way as to make exhaustion of all administrative remedies mandatory-whether or not they provide the inmate-plaintiff with the relief he says he desires in his federal action") ; see also Booth v. Churner, 206 F.3d 289, 294-295 (3d Cir. 2000), aff'd, 532 U.S. 731 (§1997 e (a) mandates that exhaustion of administrative procedures is required, regardless of the relief offered.)

6.	Prison conditions have been defined to include the environment in which the prisoners live, the physical conditions of that environment and the nature of the services provided therein. Booth, 206 F.3d at 291.

7.	The Delaware Department of Corrections has established administrative procedures that an inmate must follow to file a medical grievance. See Exhibit "2", at 6. An inmate must file a grievance with the Inmate Grievance Chairperson (IGC) who then forwards it to the medical staff for review. If action needs to be taken, the medical staff is required to attempt an informal resolution of the grievance with the inmate. If the grievance cannot be resolved informally, the grievance is forwarded to the Medical Grievance Committee to conduct a hearing. Id.

8.  If the medical grievance hearing decision does not satisfy the inmate, the inmate may complete a Medical Grievance Committee Appeal Statement which is then submitted to the Bureau Grievance Officer. <u>See</u> Exhibit "2", at 7. The Bureau Grievance Officer recommends a course of action to the Bureau Chief of Prisons, who renders a final decision.

9.  It is clear from the Complaint that the plaintiff is complaining about a prison condition which under 42 U.S.C. §1997e(a) required him to exhaust all the administrative remedies available to him. It is equally clear from a review of the Complaint that the plaintiff never exhausted his administrative remedies made available by the Delaware Department of Corrections. Plaintiff admits in his Complaint that he filed a number of sick call slips, but he did not file any grievances. <u>See</u> Exhibit "1" at ¶ IV. Therefore, plaintiff did not exhaust all administrative remedies available to him.

10. 42 U.S.C. §1997e (a) should be applied without exception to promote the policy behind the exhaustion requirement, which is to allow the Department of Corrections an opportunity to discover and correct mistakes and conserve judicial resources. <u>O'Neil v. Kearney, et al.</u>, C.A. No. 99-849-SLR, Memorandum Order (Robinson, J. November 6, 2000) (<u>citing</u> <u>Nyhuis v. Reno</u>, 204 F.3d 65, 75 (3rd Cir. 2000)). (Attached as Exhibit "3"). At the time this action was filed, several, if not all, procedural steps remained under the Department of Corrections Inmate Grievance Procedure that were not completed, thereby obviating any opportunity to discover and correct any alleged mistake and wasting judicial resources. Therefore, plaintiff's Complaint must be dismissed.

11.     In order to state a cognizable claim for violations of civil rights in connection with medical treatment, "a prisoner must allege and prove acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977).  A plaintiff must prove that the defendant either acted with "reckless disregard" or "actual intent" to disregard his medical condition to satisfy the "deliberate indifference" test set forth in Estelle.  Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985).  To show "deliberate indifference", a plaintiff must demonstrate that the individual attending to his medical condition consciously disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 838 (1994).  In addition, a plaintiff must allege that his medical condition is "serious".  Boring v Kozakiewicz, 833 F.2d 468, 472 (3d Cir. 1987), cert. denied, 485 U.S. 991 (1988).  Mere medical malpractice does not give rise to a claim for a violation of the Eighth Amendment to the U.S. Constitution.  Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993).  A claim for medical malpractice should be brought in state court under the applicable tort law, not in federal court.  Estelle, 429 U.S. at 107.

12.     In this case, the plaintiff alleges that he was treated with deliberate indifference in violation of his Eighth Amendment rights. There are no facts in the Complaint that demonstrate a deliberate indifference toward a serious medical condition on the part of defendants, Dr. Burns or Nurse Francis.

13.     The plaintiff cannot prove that there was a deliberate indifference by Dr. Burns or Nurse Francis in not rendering medical care.  Plaintiff conceded that medical care was rendered. Plaintiff stated in his Complaint that he was seen by Nurse Francis who ordered x-rays.  He also conceded that Nurse Francis provided additional treatment, after obtaining the results of the x-rays.  After his knee "popped out" a second time, he conceded that he was treated by an

unidentified nurse. He also conceded that he was consulted by Dr. Burns who reviewed the x-ray with him. Furthermore, he conceded that new knee braces were ordered for him and he was prescribed Motrin. See Exhibit "1".

14. Medical records reflect that plaintiff received treatment for his knees from June 14, 2005 through at least March 2, 2006.[2] Treatment included: pain medication including Motrin, aspirin and Vicodin; a disability slip dated July 25, 2005 indicated no work for one week and no sports except walking for an indefinite period of time; x-rays of bilateral knees; bilateral knee braces; and the ordering of an MRI on January 17, 2006. In addition, during this same period of time, plaintiff was treated for a laceration on his finger on February 24, 2006, chest pains on January 19, 2005 and on several occasions for allergy related complaints. A deliberate indifference to a serious medical need does not exist in this case.

15. CMS may only be held liable for a policy or custom that demonstrates deliberate indifference to plaintiff's serious medical needs. Miller v. Correctional Medical Systems, Inc., 802 F. Supp. 1126 (D. Del. 1992) (citing Monell v. Dept. of Social Services, 436 U.S. 658 (1978)). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict.'" Whalen v. Correctional Medical Services, et al., 2003 U.S. Dist. LEXIS 21334 (citing Miller, 802 F. Supp. at 1132)). (Attached as Exhibit "5").

16. "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." Id.

---

[2] Medical records dated June 14, 2005 through March 2, 2006 are attached as Exhibit "4".

17. "To state a claim, plaintiff would have to demonstrate that CMS has a policy or custom of not providing necessary medical care to inmates." Whalen, C.A. No. 02-246-JJF Mem. Op. at 4. See Exhibit "5" "CMS would not be liable unless it had a policy or custom that encouraged or otherwise caused its physicians to not provide such necessary services." Id.

18. In this case, the plaintiff cannot prove any set of facts that would demonstrate that CMS had a policy or custom that led the medical staff to deprive him of necessary medical care.

19. Moreover, CMS cannot be held responsible for the acts of its employees under a theory of respondeat superior in a §1983 action. Private corporations that provide medical services for the State cannot be held liable under a theory of respondeat superior. Swan v. Daniels, 923 F. Supp. 626, 633 (D. Del. 1995); Miller v. Correctional Medical Systems, Inc., 802 F. Supp. 1126, 1132 (D. Del. 1992). For a plaintiff to prevail, the defendant must have personal involvement in the alleged wrong; "liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d. 1195, 1207 (1988).

20. A claim may be dismissed because it fails to allege sufficient facts to support a cognizable legal

claim. Fed. R. Civ. P. 12(b)(6). Even a pro se litigant must plead sufficient facts to sustain a legal claim. See

Riddle v. Mondragon, 83 F. 3d 1197, 1202 (10th Cir. 1996). As a matter of law, plaintiff's claims against CMS

must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which

relief can be granted.

WHEREFORE, defendants, Correctional Medical Services, Dr. Robert Burns and Nurse

Practitioner Francis, move this Honorable Court to dismiss all claims against it pursuant to

Federal Rule of Civil Procedure 12(b)(6).

                                          **MARSHALL, DENNEHEY, WARNER,**
                                                  **COLEMAN & GOGGIN**

BY:   */s/ Kevin J. Connors*
        KEVIN J. CONNORS, ESQ.
        DE Bar ID: 2135
        1220 North Market Street, 5th Fl.
        P.O. Box 8888
        Wilmington, DE 19899-8888
        Attorney for Defendants, Correctional Medical Services, Dr. Roberta Burns and Nurse Practitioner Francis

DATED: May 30, 2006

\15_A\LIAB\ESTHOMPSON\LLPG\354553\ESTHOMPSON\13252\00163