ORIGINAL

In The United States District Court
For The District of Delaware

Robert W. Hassett, 3rd
    Plaintiff

v.       Civ. Act. No. 05-851-JJF

Correctional Medical Services,
Dr. Roberta Burns, Nurse
Pracitioner Francis, Unknown
Nurse for CMS., Stanley
Taylor and Richard Kearney,
    Defendants



FILED
JUN -5 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
Scanned

Answer To/ Motion of Defendants;
Correctional Medical Services, Dr. Roberta
Burns, Nurse Pracitioner Francis; To Dismiss
Plaintiffs Complaint

    Plaintiff, pro se, hereby respectfully request this honorable court to enter the attached order, dismissing defendants motion and in support of, are as follows;
1) The plaintiff has followed all

1

proceedures in seeking proper health care. Including filing grievances. But the plaintiff has been stone-walled on his discovery by defendants.

2) The plaintiff exhausted all remedies under the prison reform act of 1996. The defendants never answered to his (grievances or appeals.) Therefore leaving the plaintiff with only one avenue of proceedure. Which was to file a U.S. 1983 law suit.

3) Although in <u>Nyhuis v. Reno</u>, 204 F3d 65, 67. states; ("The PLRA amended §1997 e(a) in such a way as to make exhaustion of all administrative remedies mandatory - whether or not they provide the inmate-plaintiff with the relief he says he desires in his federal action") It can not be held to the plaintiff to wait till the "deliberate indifference" or cruel and unusal punishment becomes so severe as to be considered an act against ones life and well being. In this case the plaintiff filed all proceedures and never recieved an answer from defendants. Only upon law suit being filed did they

2.

engage in treatment.

4) The plaintiffs prison conditions have been considered as dangerous and treatment of injury non-existent. In <u>Booth</u> v. <u>Churner</u> 206 F.3d at 291. There conditions are outlined. The nature of services provided to plaintiff were non-existent. There was no special circumstances to protect inmate (Hassett) from further problems or harm. Nor was any therapy given to help the plaintiff rehabilitate his knee, until the present law suit was filed.

5) The defendants continue to assert that plaintiffs did not follow all procedures within the prison. This is flagorant and an injustice to the courts honesty and just law. It is easily misconstrued that the plaintiff did not follow procedures. When the defendants will not furnish the plaintiff with discovery that will show and support all allegations. As well as show the defendants perjury in their motion to dismiss.

6) The defendants say that plaintiff never filed grievances, using his U.S. §1983 suit as Exhibit. Although it read clearly

3.

The plaintiff states on page 2 of his brief, that he filed a (grievance) and this is where that process began. The plaintiff gave the Department of corrections a chance to fix all mistakes. The D.O.C. denied the plaintiff relief. Only after filing this class action suit. Did the D.O.C. medical decide to start treating plaintiff, yet without real care.

2) It is upon the plaintiff to show evidence of deliberate indifference to serious medical needs. Estelle v. Gamsle 429 U.S. 97. A plaintiff must prove that the defendant either acted with "reckless disregard" or "actual intent" to disregard his medical condition to satisfy the "deliberate indifference" test set forth in Estelle. When the unknown Nurse for CMS (Nurse Sandy) told plaintiff she could and would not do anything to help. And sent him out of medical, without treatment or crutches. After she knew plaintiff could not walk. That was actual intent. How much more can an injury be serious? When a person can not walk and is in prison, where other inmates prey on the weak. A claim

4.

of medical malpractice should be brought forth in state court. But this is a claim of a violation of the plaintiffs 8th amendment.

8) Defendants Dr. Burns and Nurse pracitioner Francis were in direct contact with the plaintiff. And had an oppurtunity to help treat the plaintiff for the pain and his inability to put pressure on that knee, as in phsycal theropy. But both defendants disregarded the plaintiffs injury as moot. Sending him out in population with a serious impediment to protect himself.

9) It took the plaintiff to file paper work on medical (grievance). To get Nurse Francis to even see plaintiff. Although Francis ordered x-rays and motrin. Plaintiff notified Francis that the motrin did not help. She told plaintiff she could not help him, Nor would she do anything else to see why plaintiffs knee continued to "pop out". Quoting "Injuryies happen, deal with it". As according to the defendants motion "supported fact 13" That a nurse treated the plaintiff for an occasion when his knee "popped out". This said nurse did not treat

5.

plaintiff. But refused treatment and sent him away. The new knee braces were only ordered because the ones he had were to small for him.

10) Medical records do reflect some treatment to plaintiff. But only after law suit was filed. Pain medications was not given till 2-16-06, Two and a half months after law suit. And an MRI was not performed until march 17, 2006, almost 4 months after law suit. Although the plaintiff was treated for other conditions. That says nothing to the issue at hand. One can not be pursaded by theoactric's of a lot of useless information as defendants are tring to do in this case.

11) According to defendants, C.M.S. may only be held liable for policy or custom that demonstrates deliberate indifference to plaintiffs serious medical nedds. As accordins to Monell v. Dept. of social services 436 U.S. 658 (1978). "Policy is made when a decision maker possess[ing] final authority to establish municipal policy with respect to the action issues an offical

6.

proclamation, policy or edict." As such custom can be proved by showing that a given course of action, (or lack thereof), although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitue law.

12) C.M.S. in this case sets forth an unseen rule. That medical staff are to do as little as possible as in treatment to inmates, just enough to maintain inmate health. They use the inmates prison term to make decisions as to who gets medical care.

13) As in this case C.M.S. hires all staff. These staff members are put through interviews and background checks to be sure that they are nurses and doctors by law. Also that they know proceedure for treating a person. So when the unknown nurse (sandy) would not treat the plaintiff for his injury. The nurse implyed that it was C.M.S. policy that if there own opinion of plaintiff was one of disregard. Then it is ok to deny treatment.

14) C.M.S. can not be held responsible

7.

for the acts of it's employee's under a theory of respondent superior in a § 1983 action. But they can be held responsible as is; it is C.M.S.'s respondent superior who hires the doctors and nurses who treat inmates. When C.M.S. hire's a doctor or nurse who refuses treat a patient for his illnesses, CMS becomes liable. As it is there job to check all employee records as well as perform regular employee checkups. This was not done, as can be seen by law suits against CMS. within the past year and a half. C.M.S. Knowingly employed people who refused to treat inmates and disregarded their health as meaningless.

15/ The plaintiff asserted relief in his opening brief, as to his request/conclusion. As a result of Federal law. C.M.S. can be and should be accountable. Given, to give punitive damages and as well as treatment, such as theropy.

Wherefore, plaintiff asks this Honorable court to dismiss defendants motion to

8.

dismiss claim.

Date: 5-31-06

Robert Hassett III
Robert Hassett 3rd
Pro Se
SBI 337363
P.O. Box 500 S.C.I
Georgetown, Del. 19947

In The United States District Court
For The District Of Delaware

Robert Hassett 3rd
    Plaintiff

V.

Correctional Medical Services,
Dr. Roberta Burns, Nurse
Pracitioner Francis, Unknown
Nurse for C.M.S., Stanley
Taylor, and Richard Kearney,
    Defendants

Civ. Act. No.
05-851-JJF

## ORDER

On This ___ day of ___ 2006, having considered the motion of plaintiff, and there being good cause to grant such motion.

It is ordered that the defendants motion to dismiss claim, is hereby dismissed. The defendants are hereby ordered to proceed in futher proceedings

10.

before and up to trial. If trial is deemed nessessary.

_____
The Honorable Joseph J. Farnan, Jr.

_____
Date

## Certification Of Service

I hereby certify that a true and correct copy of the motion to Dismiss defendants motion, in the above-captioned matter the date by regular mail:

Kevin J. Connors
1220 North Market St.
5th Floor
P.O. Box 8888
Wilmington, Del. 19899

Robert Hassett III
Robert Hassett 3rd
P.O. Box 500
Georgetown, Del. 19947

Date: 5-31-06

I/M: Robert Hassett BLDG. MSB B-Tier
SUSSEX CORRECTIONAL INSTITUTION
P.O. BOX 500    SBI 337363
GEORGETOWN, DELAWARE 19947

Office of the Clerk
United States District Court
844 N. King Street
Lock Box 18
Wilmington, Del. 19801-3570