IN THE UNITED STATES DISTRICT COURT

FOR DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT W. HASSETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 05-851-JJF |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, DR. ROBERTA BURNS, NURSE PRACTITIONER FRANCIS, UNKNOWN NURSE FOR C.M.S., STANLEY TAYLOR and RICHARD KEARNEY, | ) ) ) ) ) | JURY TRIAL BY TWELVE DEMANDED |
| | ) | |
| Defendants. | ) | |

**REPLY TO PLAINTIFF'S ANSWER TO MOTION OF DEFENDANTS, CORRECTIONAL MEDICAL SERVICES, DR. ROBERTA BURNS, AND NURSE PRACTITIONER FRANCIS, TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, Correctional Medical Services ("CMS"), Dr. Robert Burns ("Dr. Burns"), and Nurse Practitioner Francis ("Nurse Francis"), through their undersigned counsel, hereby submit this Reply to Plaintiff's Answer to Motion of Defendants, Correctional Medical Services, Dr. Robert Burns, and Nurse Practitioner Francis, to Dismiss Plaintiff's Complaint and, in support thereof, aver as follows:

1.  Plaintiff filed his Complaint in this matter on December 8, 2005. D.I. #1.

2.  In Plaintiff's Answer to Motion of Defendants, Correctional Medical Services, Dr. Robert Burns, and Nurse Practitioner Francis, to Dismiss Plaintiff's Complaint, he does little more than reiterate the arguments made in his Complaint and accompanying Brief. He argued that he followed all administrative procedures but did not receive an answer from defendants. See Exhibit "1" ¶ 3. In his Complaint, he pled that he filed numerous sick call slips and

grievances to no avail.[1]  However, Plaintiff does not allege that he appealed the adverse decisions on his grievances or the results of those appeals.  Therefore, he did not exhaust his administrative remedies and this case should be dismissed.  Nyhuis v. Reno, 204 F.3d 65, 67 (3rd. Cir. 2000); See "Inmate Grievance Procedure", attached a Exhibit "2" to Motion of Defendants, CMS, Dr. Burns and Nurse Francis, to Dismiss Plaintiff's Complaint.

3. Plaintiff also alleges "only upon law suit being filed did they engage in treatment."  See Exhibit "1" ¶ 3, 10.  He further alleges that treatment of the injury was non-existent.  Id. at ¶ 4.  However, the medical records attached as Exhibit "4" to Motion of Defendants, CMS, Dr. Burns and Nurse Francis, to Dismiss Plaintiff's Complaint demonstrates that Plaintiff received treatment prior to instituting this suit on December 8, 2005.  He received x-rays of both knees on September 1, 2005 and received subsequent treatment to his right knee on: July 14, 2005 when initial treatment was provided; July 19, 2005 when he was instructed to continue using crutches and the knee brace; August 15, 2005 when he was instructed by the physician to wear his brace at all times; August 22, 2005 when x-rays of bilateral knees was ordered; September 12, 2005 when it was noted that the x-rays of the bilateral knees were within normal limits, he had no difficulty with ambulation and that he was not wearing the knee brace on his knee, but rather had it pulled down on his calf; and November 14, 2005 when it was noted that a new knee brace had been ordered but had not arrived yet.  The knee braces arrived on January 5, 2006 and the medical note on that date indicated it was a proper fit.  An MRI of the right knee was ordered on January 17, 2006.

4. Plaintiff alleged that medication was not provided until February 16, 2006.  See Exhibit "1" ¶ 10.  However, the medical records note that Motrin was prescribed on July 25,

---

[1] It was erroneously stated in The Motion of Defendants, Correctional Medical Services, Dr. Roberta Burns, and Nurse Practitioner Francis, to Dismiss that Plaintiff did not allege that he had filed any grievances.  Plaintiff did plead in Paragraph II(C)(1) that he filed grievances.

2005 and on January 3, 2005 Plaintiff reported that the Motrin was not enough for his pain.

5.  In order to state a cognizable claim for violations of civil rights in connection with medical treatment, "a prisoner must allege and prove acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977). Plaintiff has clearly received continued medical treatment for his right knee, including x-rays and knee braces. He even admitted that new knee braces were ordered. See Exhibit "1" ¶ 9. Therefore, he has failed to allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

6.  Plaintiff argued that CMS can be held liable under respondeat superior in a §1983 claim since it hired the doctors and nurses who treat the inmates. This is legally incorrect. Private corporations that provide medical services for the State cannot be held liable under a theory of respondeat superior. Swan v. Daniels, 923 F. Supp. 626, 633 (D. Del. 1995); Miller v. Correctional Medical Systems, Inc., 802 F. Supp. 1126, 1132 (D. Del. 1992). CMS cannot be held liable unless it had a policy or custom that encouraged or otherwise caused its physicians to not provide necessary services. Whalen v. Correctional Medical Services, et al., 2003 U.S. Dist. LEXIS 21334. (Attached as Exhibit "5" to Motion of Defendants, CMS, Dr. Burns and Nurse Francis, to Dismiss Plaintiff's Complaint). There is clearly no basis for Plaintiff's allegations against CMS since Plaintiff has failed to allege acts or omissions sufficient to evidence deliberate indifference to serious medical needs on the part of Dr. Burns or Nurse Francis. In addition, Plaintiff has not alleged that CMS has a policy or custom that encouraged its physicians to not provide adequate services.

7.  Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted.

WHEREFORE, Defendants, Correctional Medical Services, Dr. Roberta Burns and Nurse Practitioner Francis, respectfully move this Honorable Court to dismiss all claims against them for failure to prosecute.

          **MARSHALL, DENNEHEY, WARNER,**
          **COLEMAN & GOGGIN**

By:   /s/ Kevin J. Connors
       **KEVIN J. CONNORS, Esquire (I.D. #2135)**
       **1220 N. Market Street, 5th Floor**
       **P.O. Box 8888**
       **Wilmington, DE  19899**
       **(302) 552-4302**
       **Attorney for Defendants, Correctional Medical Services, Dr. Roberta Burns and Nurse Practitioner Francis**

DATED: July 21, 2005
\15_A\LIAB\ESTHOMPSON\LLPG\365635\ESTHOMPSON\13252\00163